Affirmed and Opinion filed May 23, 2002









Affirmed and Opinion filed May 23, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00986-CR

____________

 

EMELIO DAVID MORIN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 228th District Court

Harris County, Texas

Trial
Court Cause No. 871,108

 



 

O
P I N I O N

Emelio Morin
appeals his conviction for possession of cocaine with intent to deliver.  Appellant contends the trial court erred in
denying his motion to suppress the cocaine seized and in admitting evidence of
his juvenile probation for burglary.  We
affirm.

Background








Appellant
was charged with felony possession of cocaine in an amount of at least 400
grams with intent to deliver.  Prior to
trial, appellant filed a motion to suppress the cocaine seized from his person,
asserting, inter alia, that he was unlawfully
detained without reasonable suspicion. 
The trial court overruled the motion. 
Following the conclusion of trial, the court filed findings of fact
regarding appellant=s motion to suppress. 
The findings fully set forth the events giving rise to this case.  They state:

1.  That Officer B.E. Corley of the Houston
Police Department is a credible witness and the Court accepts as true his
testimony.

2.  That Officer B.E. Corley observed the
Defendant arrive at Hobby Airport in Harris County, Texas on March 8, 2001 in a
vehicle being driven by an unknown person and that the Defendant departed the
vehicle without communicating with the driver and that the vehicle immediately
departed the area.

3.  That the Defendant entered a line to buy an
airline ticket and the Defendant continually looked around the area.

4.  That Officer Corley=s
investigation revealed that the Defendant bought a one-way ticket with cash to
Raleigh/Durham North Carolina without a prior reservation.

5.  That Officer Corley approached the Defendant
without obstructing his path, identified himself as a police officer and asked
permission of the Defendant to speak with him.

6.  That the Defendant agreed to engage in a
consensual conversation with Officer Corley.

7.  That Officer Corley asked to see the
Defendant=s ticket and
the Defendant showed his ticket to Officer Corley; further, that Officer Corley
returned the ticket to Defendant.

8.  That Officer Corley asked to see
identification from the Defendant and the Defendant handed Officer Corley a
Texas Driver=s License that
indicated an address in Victoria, Texas; further, that Officer Corley returned
the license to the Defendant.

9.  That Officer Corley asked the Defendant how
that he arrived at the Airport and that the Defendant told Officer Corley that
he arrived in a cab.

10.  That Officer Corley then identified himself
as a narcotics officer and asked permission of the Defendant to Apat-down@
his person as well as to search his bag; further, that Officer Corley advised
the Defendant that he was not required to give the Officer permission to search
his bag or his person.

11. 
That the Defendant gave Officer Corley consent to Apat-down@
his person and to search his bag.

12.  That as Officer Corley Apatted-down@
the Defendant, he detected a hard object in the waist area of the Defendant.

13.  That Officer Corley asked the Defendant what
was located in the Defendant=s
waist area and the Defendant replied that it was cocaine.

14.  That Officer Corley then arrested the
Defendant and found a kilogram of cocaine attached to the mid-section of the
Defendant with duct tape.

 

During
the punishment phase of trial, the State introduced, over objection, a document
indicating that appellant had been convicted in a juvenile court in
Victoria County, Texas, of the offense of burglary of a habitation.  The jury sentenced appellant to 25 years=
in prison.

Issues

In his first and second issues, appellant contends the
cocaine found on his person was obtained in violation of his Fourth Amendment
rights.  See generally Mapp v. Ohio, 367 U.S. 643, 655 (1961) (evidence
obtained through search violating Fourth Amendment not admissible).  Specifically, appellant contends he was
detained without reasonable suspicion, as required under Terry v. Ohio,
392 U.S. 1, 29 (1968).  In his third issue, appellant contends
evidence of the prior burglary committed by appellant should not have been
admitted during the punishment phase. 
Appellant argues there is a fatal variance between the State=s
pretrial notice of intent to admit evidence of the burglary and the proof
adduced at trial.

Discussion

I.  Validity of the Search B
Issues One and Two

A.  Standard and Scope
of Review








In reviewing the trial court's ruling
on a motion to suppress, we afford almost total deference to a trial court=s determinations of historical facts
that the record supports and to its rulings on the application of law to fact
questions, also known as mixed questions of law, when those rulings are based
on an evaluation of credibility and demeanor. 
Loserth v. State, 963 S.W.2d
770, 772 (Tex. Crim. App. 1998); Guzman v. State,
955
S.W.2d 85, 87B89
(Tex Crim. App. 1997). 
Mixed questions of law and fact that do not turn on an evaluation of
credibility and demeanor are reviewed de novo. Guzman, 955 S.W.2d
at 89.  Where, as here, the issues
presented in the motion are voluntarily relitigated
at trial, the scope of our review includes evidence adduced both at trial and
at the hearing on the motion.[1]  Rachal v.
State, 917 S.W.2d 799, 809 (Tex. Crim.
App. 1996); Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984).

B.  Proof of Warrantless
Arrest

Appellant
argues he was unlawfully detained by Officer Corley in the airport.  We must first determine whether appellant met
his burden of proof to produce evidence defeating the presumption of proper
police conduct.  Russell v. State,
717 S.W.2d 7, 9 (Tex. Crim. App. (1986).  A defendant meets his initial burden of proof
by establishing that a search or seizure occurred without a warrant.  Id. 
We find no evidence in the record that appellant was seized without a
warrant.  No testimony at trial mentioned
a warrant or lack thereof.[2]  Because appellant failed to rebut the
presumption of proper conduct, we overrule his first two issues on appeal.  See, e.g., Highwarden
v. State, 846 S.W.2d 479, 480B81 (Tex. App.CHouston [14th Dist.]
1993), pet. dism=d improv.
granted,
871 S.W.2d 726 (Tex. Crim. App. 1994).

C.  Presence of Detention








Russell also requires that
appellant prove a search or Aseizure@ occurred.  Russell, 717 S.W.2d at 10.  If appellant was not detained, his conviction
should be affirmed.  Id.; Brewer
v. State, 932 S.W.2d 161, 167 (Tex. Crim. App.
1996).  A police officer may approach a
citizen without probable cause or reasonable suspicion to ask questions or
request a search.  Florida v. Royer,
460 U.S. 491, 498 (1983); Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995) (citing California v. Hodari D., 499 U.S. 621, 628 (1991)); State v. Shamsie, 940 S.W.2d 223, 225 (Tex. App.CAustin 1997, no
pet.).  Detention occurs only when a
reasonable person would believe he or she is not free to leave and that person
has either yielded to the officer=s show of authority or
been physically forced to yield.   Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997). 
The reasonable person standard assumes a person innocent of criminal
activity.  Francis v. State, 922
S.W.2d 176, 179 (Tex. Crim. App. 1996).

The trial court found Officer Corley approached
appellant as he walked in Hobby airport. 
Corley walked alongside appellant without obstructing his path and began
the exchange by saying, Aexcuse me.@  Corley
testified that appellant was free to leave at any time during the one minute
required to examine appellant=s drivers license and plane ticket.  When Corley asked for permission to search,
he told appellant that compliance was not required.  Under almost precisely these facts, our
courts have held a reasonable, innocent person would not feel he was not free
to leave. [3]  Brewer, 932 S.W.2d at 168 (citing Florida v. Bostick,
501 U.S. 429 (1991); Hunter, 955 S.W.2d at 103.  Because appellant was not
detained, the cocaine was properly admitted during sentencing.  See Mapp v. Ohio,
367 U.S. at 655.  For this additional
reason, we overrule appellant=s first and second
issues.

II.  Evidence
of Juvenile Delinquency B Issue Three

Prior to trial, the State filed a notice of its
intent to introduce evidence of an extraneous offense pursuant to article 37.07
of the Texas Code of Criminal Procedure. 
The notice contained the following paragraph:

That on or about May 20, 1996, in Cause No. 1-1969 in County
Criminal Court At Law #2 of Victoria, County, Texas, the defendant was
convicted on the felony of Burglary of a Habitation.  (Italics added.)








 

As noted above, the document offered by the State
at trial indicated the conviction for burglary was handed down in a juvenile
court, not a county court. 
Appellant alleges, without citation to any authority, that this variance
dictates that the State failed to prove each element of the crime charged in
the case at bar beyond a reasonable doubt. 
See Tex. Penal Code. Ann.
2.01 (Vernon 1994).  Appellant contends
this alleged error is harmful merely because the jury assessed punishment Agreater than the minimum authorized by law.@ 

Appellant=s failure to cite authority demonstrating error or
to identify evidence of harm necessitates our finding that appellant has waived
his third issue.  Tex. R. App. P. 38.1(h) (requiring citation to
authority).  We overrule appellant=s third issue.

Accordingly, the judgment of the trial court is
affirmed.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed May 23, 2002.

Panel consists of Justices Yates, Seymore, and
Guzman.

Do Not Publish C Tex. R.
App. P. 47.3(b).

 

 











[1]  At trial, both
parties questioned Officer Corley about his reasons for approaching appellant
and about whether appellant consented to be searched.





[2]  Appellant did,
however, make a written, pre-trial, discovery request that the State produce a
warrant if one existed.  Appellant also
filed a ACompliance Statement@ with
the court prior to trial indicating that the State=s discovery response did not include a warrant.  The District Attorney refused to sign the ACompliance Statement.@





[3]  The facts of Crockett
v. Texas, cited by appellant, are distinguishable.  803 S.W.2d 308, 310 (Tex. Crim.
App. 1991).  In that case, the arresting
officer approached Mr. Crockett in a train station and told him he had the
right to detain appellant long enough for a dog to smell [his] bags.  Id. 
(internal quotation omitted).  The
Court of Criminal Appeals assumed, without deciding, appellant=s bags were in fact Aseized.@  Id. at
n.5.